**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-21376-CIV-ALTONAGA**

**MICHAEL FORONDA**, *et al.*,

    Plaintiffs,
v.

**RON DESANTIS**, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court *sua sponte*. On May 3, 2022, Plaintiffs Michael Foronda, Edward Foronda, and Vivian Gorsky filed a Complaint for Declaratory and Injunctive Relief [ECF No. 1].[1] Plaintiffs are Florida residents and taxpayers. (*See* Compl. ¶ 11). They challenge the validity of a bill recently passed by the Florida legislature and signed into law, Senate Bill 4-C, that will allegedly "eliminat[e] a special legal status that allows Walt Disney World . . . to operate as an independent government[,]" known as the "Reedy Creek Improvement District[,]" in the Orlando area. (*Id.* ¶ 1 (alterations added)).[2]

In total, Plaintiffs assert four claims against three Defendants, Florida Governor Ron DeSantis, Florida Secretary of State Laurel Lee, and Florida Director of the Department of Revenue Jim Zingale. (*See id.* 1, ¶¶ 16–40). In Count I, Plaintiffs allege that Senate Bill 4-C violates Florida's Reedy Creek Improvement Act and "contractual obligations" the state owes to

---

[1] The Complaint seems to allege that Leslie Foronda is a plaintiff (*see* Compl. ¶ 12), but her name does not appear in the caption (*see id.* 1).

[2] Although Plaintiffs filed suit in this District, the conduct at issue and the parties are more closely connected to the Orlando area, and the Complaint's caption treats this as a suit in the "Miami Division" of the "Middle District of Florida[.]" (Compl. 1 (alteration added; boldface and capitals omitted)). At the risk of stating the obvious, no such division exists, nor is the undersigned a judge in the Middle District.

Floridians (although the Complaint includes no attached contract).  (*Id.* ¶ 17 (emphasis omitted); *see id.* ¶ 22).  Count II alleges that the bill violates Florida Statute 213.015.  (*See id.* ¶¶ 30–33).  Count III seeks relief under section 1983 for violations of "Disney's First Amendment rights[.]" (*Id.* ¶ 35 (alteration added)).  Count IV does not seek any relief, but instead alleges only that Plaintiffs have standing to sue.  (*See id.* ¶¶ 36–40).

As for jurisdiction, Plaintiffs claim the Court has "jurisdiction pursuant to 42 [U.S.C. section] 1983 matters[,]" as well as jurisdiction "over violations of the [First] and [Fourteenth] Amendment[s,]" the Contracts Clause, and the [Supremacy] Clause."[3]  (*Id.* ¶ 15 (alterations added)).  Plaintiffs seek declaratory and injunctive relief.  (*See id.* 11).

At least three jurisdictional defects compel dismissal of the Complaint.  First, the Court lacks jurisdiction over Plaintiffs' state-law claims.  "State officials are immune from suit in federal court for claims arising under state law because 'it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law.'"  *Alabama v. PCI Gaming Auth.*, 801 F.3d 1278, 1290 (11th Cir. 2015) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984)).  The Eleventh Amendment bars such suits whether the plaintiff seeks damages or equitable relief, *see Pennhurst*, 465 U.S. at 101–02, and whether or not the state officials' alleged conduct violates the U.S. Constitution in addition to violating state law, *see S&M Brands, Inc. v. Georgia ex rel. Carr*, 925 F.3d 1198, 1204 (11th Cir. 2019).  This limitation on federal judicial authority is jurisdictional.  *See Pennhurst*, 465 U.S. at 100–01; *S&M Brands*, 925 F.3d at 1204.  Because the Court lacks jurisdiction over Plaintiffs' state-law claims — here, Counts I and II — those claims must be dismissed.[4]

---

[3] Plaintiffs do not assert claims for relief based on the Contracts Clause or the Supremacy Clause.

[4] Although a state may consent to suit against it or its officials in federal court, *see Pennhurst*, 465 U.S. at 100, Plaintiffs do not allege that Florida has done so here (*see generally* Compl.).  Florida law expressly

Second, the Court lacks subject-matter jurisdiction over Plaintiffs' sole remaining claim for violation of Disney's First Amendment rights. "[A] party generally may assert only his or her own rights and cannot raise the claims of third parties not before the court." *Granite State Outdoor Advertising, Inc. v. City of Clearwater*, 351 F.3d 1112, 1116 (11th Cir. 2017) (alteration added; citation omitted). A few narrow exceptions to this rule exist. To have third-party standing, (1) a plaintiff must "have suffered an 'injury in fact,' giving him or her a 'sufficiently concrete interest' in the outcome of the issue in dispute;" (2) the plaintiff must have a close relationship with the party whose right is being asserted; and (3) some obstacle prevents the third party's ability to protect its own rights. *Duran v. City of Corpus Christi*, 240 F. App'x 639, 643 (5th Cir. 2007) (footnote call number omitted). The "most important justification for third-party standing" is "the potential dilution of the third party's rights" resulting from the third party's inability to assert its own rights. *Harris v. Evans*, 20 F.3d 1118, 1124 (11th Cir. 1994).

At the pleading stage, it is Plaintiffs' burden to "alleg[e] facts that plausibly establish their standing." *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 996 (alteration added; citations omitted). Plaintiffs have not met that burden here. Plaintiffs do not plausibly allege they have suffered any concrete injury as a result of the alleged violation of Disney's First Amendment rights, and nothing in the Complaint shows Plaintiffs have a close relationship with Disney.

Even more critically, Plaintiffs have not plausibly alleged that Disney faces any hindrance in asserting its own First Amendment rights. Far from it: Plaintiffs expressly allege that they "expect Disney and the State of Florida to litigate this matter for a significant period of time[.]" (Compl. ¶ 9 (alteration added)). That fact alone warrants dismissal. *See, e.g.*, *Harris*, 20 F.3d at

---

forecloses any such waiver of Eleventh Amendment immunity. *See* Fla. Stat. § 768.28(18). *Sua sponte* dismissal is proper when sovereign immunity bars a suit. *See, e.g.*, *McWilliams v. Escambia Charter Sch.*, 144 F. App'x 840, 843 (11th Cir. 2005) (citing *McClendon v. Ga. Dep't of Cmty. Health*, 261 F.2d 1252, 1259 (11th Cir. 2001)).

3

1124–25 (holding that case must be dismissed for lack of jurisdiction because plaintiff failed to show that non-parties whose First Amendment rights were allegedly violated faced hindrance in asserting their rights); *see also Duran*, 240 F. App'x at 643 (same).

Another notable exception to the general principle that a party may not sue for violations of others' constitutional rights applies in the First Amendment context. But that exception relaxes traditional standing requirements only when a litigant asserts a claim of First Amendment overbreadth. *See Broadrick v. Oklahoma*, 413 U.S. 601, 611–12 (1973); *Granite State Outdoor Advertising*, 351 F.3d at 1116. Plaintiffs assert no such claim here. They instead allege what is in essence a First Amendment *retaliation* claim on Disney's behalf. (*See* Compl. ¶ 35). And First Amendment retaliation claims do not qualify for watered-down third-party standing standards. *See, e.g.*, *Duran*, 240 F. App'x at 643 (concluding that plaintiff lacked standing to pursue First Amendment retaliation claim on behalf of third party because third party did not face obstacle in protecting its own rights); *Whatley v. Brown*, No. 5:14-cv-295, 2014 WL 4686762, at *3 n.2 (M.D. Ga. Sept. 19, 2014) (similar).

Third, and finally, none of Plaintiffs' claims is ripe. Senate Bill 4-C does not take effect until July 1, 2022. *See* Senate Bill 4-C, § 2, Regular Sess. (Fla. Apr. 22, 2022). When a plaintiff files "a preenforcement, constitutional challenge to a state statute, the injury requirement may be satisfied by establishing a realistic danger of sustaining direct injury as a result of the statute's operation or enforcement." *Ga. Latino Alliance for Human Rights v. Governor of Ga.*, 691 F.3d 1250, 1257 (11th Cir. 2012) (citation and quotation marks omitted). The plaintiff can satisfy this requirement if she is (1) "threatened with application of the statute; (2) application is likely; or (3) there is a credible threat of application." *Id.* at 1257–58 (citation omitted).

4

Plaintiffs do not meet this standard. The challenged law does not apply to them, they do not allege direct harm as a result of the challenged law, and they do not plausibly allege any credible threat of direct harm in the future. Plaintiffs' theory of standing is that the elimination of the Reedy Creek Improvement District *might* result in financial harm to Plaintiffs by virtue of a tax increase that has not yet been enacted. (*See* Compl. ¶¶ 7–10). That indirect and highly speculative alleged injury cannot support federal jurisdiction. Senate Bill 4-C itself will not raise Plaintiffs' taxes. Again — it is worth emphasizing — the bill does not apply to Plaintiffs at all. *See* Senate Bill 4-C, § 1, Regular Sess. (Fla. Apr. 22, 2022).

In sum, Plaintiffs' claims are not "sufficiently mature," nor "the issues sufficiently defined and concrete, to permit effective decisionmaking by the court." *Socialist Workers Party v. Leahy*, 145 F.3d 1240, 1244 (11th Cir. 1988) (citation and quotation marks omitted). They are therefore not ripe.[5]

Accordingly, it is **ORDERED AND ADJUDGED** that the Complaint **[ECF No. 1]** is **DISMISSED without prejudice**. The Clerk of Court is directed to mark the case **CLOSED**.

**DONE AND ORDERED** in Miami, Florida, this 10th day of May, 2022.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:   counsel of record

---

[5] The Court also notes that the Complaint is an impermissible shotgun pleading, although, given the Court's lack of subject-matter jurisdiction, this defect is not explored further. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320–23 (11th Cir. 2015).